# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

Lyle W. Cayce
Clerk

No. 11-20788
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL SANCHEZ, also known as Jose Providencio Sanchez, also known as Angel Sanchez, also known as Angel Jose Sanchez, also known as Jose Sanchez, also known as Jose P. Sanchez, also known as Angel J. Sanchez, also known as Jose Sanchez Angel,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-431-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Angel Sanchez was convicted of being unlawfully present in the United States after having been removed following his conviction for an aggravated felony.  He was sentenced at the low end of the advisory guidelines range to a 57-month term of imprisonment.  Sanchez claims that the district court abused its discretion by failing to grant his request for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward variance for the purposes of crediting him for the eight months he served in state and immigration custody while subject to an immigration detainer and by failing to explain its reasons for denying that request. Similarly, he claims that the sentence imposed was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). He contends that he was entitled to a shorter sentence in light of the time spent in custody subject to the detainer, the victimless nature of the reentry offense, his benign motive for reentering the United States, the unlikeliness that his prior offense would recur, his sobriety, and his medical condition.

Contrary to the government's assertion, we do have jurisdiction to consider whether, in light of the factors Sanchez raised in support of his argument for a downward variance, Sanchez's sentence is greater than necessary to achieve the sentencing goals set forth in § 3553(a). Generally, we review criminal sentences for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, however, a defendant failed to object to an error at sentencing, we will review the issue for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). A sentence that falls within a defendant's properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Sanchez asserts that his sentence was procedurally unreasonable because the district court did not specifically address his request for credit for time served subject to the detainer. As Sanchez did not object to the district court's explanation of his sentence at sentencing, we review the issue for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135. If the defendant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At sentencing, the district court indicated it had read Sanchez's sentencing memorandum and the letters submitted by his family and friends. The court listened to his request that it consider the time he had spent in prison and to his counsel's arguments in mitigation of sentence. In imposing a sentence at the low end of the guidelines range, the court did not specifically address the request for a time credit. Rather, the court explained that Sanchez was "exactly the kind of person [Congress and the Sentencing Commission] had in mind" when they formulated "harsh penalties" for persons who came to the United States illegally after having committed "serious" crimes.

Even if the district court's failure to specifically address the argument for an eight-month time credit was error that was clear or obvious, Sanchez cannot show that an explanation of his within-guidelines sentence would have changed his sentence and thus affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364-65. The district court's explanation does not constitute reversible plain error. *See id.* at 362-65.

Sanchez also contends that his 57-month sentence is substantively unreasonable. In the district court, Sanchez requested a downward variance because he had spent eight months in custody subject to the immigration detainer and because the guidelines range overstated the seriousness of his criminal history; however, he did not object to the reasonableness of the sentence imposed. It is unclear under those circumstances whether Sanchez's arguments are limited to plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (holding that a defendant's failure to object to the reasonableness of his sentence limits our review to plain error); *but see United States v. Rodriguez*, 523 F.3d 519, 525-26 & n.1 (5th Cir. 2008) (reviewing for abuse-of-discretion a district court's denial of a downward variance when the defendant presented detailed assertions and testimony in support of the variance, but did not specifically object to the reasonableness of his sentence).

We need not resolve the issue because Sanchez's sentence may be affirmed even under the more lenient abuse of discretion standard.

The district court considered Sanchez's reasons for an eight-month time credit and for leniency in light of his particular criminal history, but it determined that these factors did not outweigh other sentencing considerations. Moreover, Sanchez's reliance on the non-violent nature of his reentry offense and his allegedly benign motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Although Sanchez's medical condition could have supported a sentence below the guidelines range, he has not and cannot show that it mandates that result. *See, e.g., United States v. Castillo*, 430 F.3d 230, 240–41 (5th Cir. 2005). Sanchez has presented nothing to indicate that the district court abused its discretion or otherwise erred in weighing the § 3553(a) factors. *See Gomez-Herrera*, 523 F.3d at 565-66. His disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.